UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61321-CIV-O'SULLIVAN
[CONSENT]

DAVID BOGLE, a foreign resident,
    Plaintiff,
v.

M/Y "CAJUN PRINCESS," one 1988 Broward
motor yacht, bearing official number 1050450
her engines, tackle, rigging, boilers, apparel,
appurtenances, dinghies, furniture, etc.,
*in rem*, and MARINE RESOURCES
FOUNDATION, INC.,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff David L. Bogle's Motion for Summary Judgment (DE# 184, 2/26/10). Pursuant to the parties' consent to full jurisdiction by a United States Magistrate Judge (DE# 86, 1/30/09), this matter was referred to United States Magistrate Judge John J. O'Sullivan for all further proceedings and the entry of judgment by the Honorable Patricia A. Seitz, United States District Court Judge. 28 U.S.C. § 636(c). (DE# 163, 11/23/09).

The plaintiff filed a Notice of Settlement (DE# 185, 2/26/10), which indicated that the plaintiff, intervening plaintiffs, Tropical Marine Co., Inc. ("Tropical Marine"), Dockside Designs, Inc. ("Dockside Designs"), and claimant Steven Tran d/b/a Tran Designs ("Tran Designs"), entered into a certain Stipulation for Settlement. Tropical Marine (DE# 186, 3/1/10), Dockside Designs (DE# 187, 3/2/10), and Tran Designs (DE# 191, 3/10/10) filed their respective consents to the entry of an order granting the plaintiff's motion for summary judgment and requested that the court retain jurisdiction to enforce

the terms of the parties' Settlement Agreement. The defendant, Marine Resources Development Foundation, Inc. ("MRDF"), did not file any response and has advised the Court that it has no objection to the plaintiff's motion for summary judgment. No other parties remain.[1] The motion is ripe for resolution.

In support of its motion for summary judgment, the plaintiff filed various exhibits including the Affidavit of David L. Bogle (DE# 195, 3/16/10), the Affidavit of Ian Koblick dated October 31, 2008 (DE# 184-1, 2/26/10), who is the President and Director of MRDF, and the Affidavit of Brendan Philip (DE# 184-11, 2/26/10), co-counsel for the plaintiff.

In his motion, the plaintiff seeks to enforce his preferred ship's mortgage lien against the vessel, M/Y "CAJUN PRINCESS," one 1988 Broward motor yacht, bearing official number 1050450 her engines, tackle, rigging, boilers, apparel, appurtenances, dinghies, its furniture, etc., *in rem*, ("M/Y Cajun Princess" or "vessel")). Additionally, the plaintiff seeks to obtain a judgment in its favor against the vessel for the attorneys' fees,

---

[1] Intervening plaintiffs, Ares Marine, Inc., Yachting Partners, Inc., and Ronald W. Hertel, and intervenor, the Law Firm of Robert Allen Law, are no longer parties to this action. Ronald Hertel filed Ronald Hertel's Rule 41(a) Notice of Dismissal of Intervening Complaint (DE# 129, 6/8/09) and the Court entered a Final Order of Dismissal of Ronald Hertel's Intervening Complaint (DE# 130, 6/11/09). Ares Marine and Yachting Partners filed their Notice of Voluntary Dismissal [without prejudice] of Complaint in Intervention (DE# 178, 1/13/10). In an Order dated January 13, 2010 (DE# 179), the undersigned struck Ares Marine and Yachting Partners' Verified Statement of Right or Interest (DE# 15, 10/24/08) and the Claimants ... Answer to Bogle's Verified Complaint (DE# 103, 3/2/09). The Law Firm of Robert Allen Law ("RAL") was allowed to intervene in this action (DE# 111, 3/31/09) as a judgment creditor of Ronald Hertel. Because RAL's interest in the property in this matter was limited to the extent that Mr. Hertel had an interest in the vessel, RAL can no longer assert any interest in the vessel because Mr. Hertel has been dismissed from this action.

court costs, and custodial costs, incurred.  In support of the claim for fees and costs, the plaintiff submitted the conclusory affidavit of Brendan Philip, which did not identify the hours incurred and the hourly rates of the attorneys, and did not comply with the Local Rules of this Court.

Having carefully reviewed the plaintiff's motion for summary judgment, exhibits, affidavits, and the applicable law, the Plaintiff David L. Bogle's Motion for Summary Judgment (DE# 184, 2/26/10) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART as more fully discussed below.

Factual Background

The plaintiff provided financial assistance to the defendant MRDF for the purchase and refit of the vessel known as M/Y Cajun Princess, a 1988 Broward motor yacht bearing official number 1050450.

In 2004, MRDF approached the plaintiff to obtain financing for the purchase and refit of the vessel.  See Bogle Affidavit (DE# 184-3, 2/26/10); executed copy (DE# 195, 3/16/10).  The plaintiff agreed to provide financing for the purchase and refurbishment of the vessel.   To fund the purchase of the vessel, the plaintiff required MRDF to execute a promissory note and a ship's mortgage granting the plaintiff an interest in the M/Y Cajun Princess.  On June 1, 2004, MRDF executed a Promissory Note in the total amount of $3,500,000.00 in favor of the plaintiff Bogle.  See Promissory Note (DE# 184-5, 2/26/10).  The total sum of the Promissory Note was to be disbursed in tranches upon MRDF's request, the first of which in the amount of $1,500,000.00 was disbursed as of the date of the Promissory Note.  The vessel secured the Promissory Note and

MRDF had no liability for non-payment of the note provided that clear title to the vessel would be given to the plaintiff.  Id.

Pursuant to a Bill of Sale dated June 7, 2004 (DE# 184-4, 2/26/10), MRDF acquired the vessel as part of MRDF's vessel donation program and is the owner of the M/Y Cajun Princess.  See Koblick Affidavit (DE# 184-1, 2/26/10).  MRDF, as the sole owner of the vessel, granted the plaintiff a mortgage in the amount of $3,500,000.00 to secure the Promissory Note issued to the plaintiff for the purchase and refurbishment of the vessel.  See Registered Ship Mortgage dated June 9, 2004 (DE# 184-6, 2/26/10).  The mortgage was registered with the National Vessel Documentation Center/United States Coast Guard ("NVDC/USCG") and stamped received/filed on July 1, 2004.  Id.  On September 26, 2004, the NVDC/USCG issued a Certificate of Documentation for the vessel, which identifies MRDF as the sole owner.  (DE#184-7, 2/26/10)

After MRDF purchased the vessel and the refurbishment process began, MRDF approached Bogle for additional financing.  See Bogle Afd. (DE# 184-3, 2/26/10) MRDF executed additional promissory notes to obtain the additional financing from Bogle and MRDF granted subsequent mortgages securing Bogle's interest in the M/Y Cajun Princess.  See Koblick Afd. (DE#184-1, 2/26/10)   The subsequent mortgages granted to and accepted by Bogle were treated as a renewal of the previous mortgage. See Bogle Afd. (DE# 184-3, 2/26/10)  On the date of the execution of the current Registered Ship Mortgage, October 10, 2006, the M/Y Cajun Princess was a documented vessel with the NVDC/USCG.
(DE# 184-9, 2/26/10).

4

The M/Y Cajun Princess remains encumbered with a preferred ship's mortgage in favor of Bogle in the principal amount of $7,000,000, plus interest, attorney's fees, costs, and custodial fees.  See, General Index or Abstract of Title issued as of November 5, 2008 (DE# 184-8, 2/26/10); and Registered Ship Mortgage dated October 10, 2006, pp. 6-8 (DE#184-10, 2/26/10).  Bogle claims interest in the amount of $110,525.80 as of August 21, 2008 as set forth in his Verified Complaint.  (DE# 1, 8/21/08)  Bogle also claims that he incurred $109,372.50 in attorney's fees, $5,059.04 in court costs, and paid $137,134.51 in custodia legis fees to the substitute custodian National Marine Services, Inc. since the arrest of the vessel through February 26, 2010.  See Affidavit of Brendan Philip (DE# 184-11, 2/26/10).  Bogle has not submitted documentation to substantiate these amounts.

MRDF has been unable to repay the monies lent by Bogle and secured by the current mortgage.  MRDF has freely admitted that it is in breach of the promissory note and current mortgage.  During the pendency of the refit and through the date of his affidavit, MRDF's president, Ian Koblick, stated that MRDF has never repaid the loan, including interest accrued on same, and that MRDF does not object to the sale of the vessel in order to fulfill its obligations to Bogle under the ship's mortgage.  Koblick Afd., ¶ 14 (DE# 184-1, 2/26/10)

MRDF is in default of the promissory note and the current mortgage.  Bogle seeks to foreclose and enforce his preferred mortgage lien against the M/Y Cajun Princess in accordance with 46 U.S.C. § 31325.

The remaining parties other than MRDF have settled and consent to entry of an

order granting the plaintiff's motion for summary judgment. MRDF did not file any response to the plaintiff's motion for summary judgment and has no objection to entry of an order granting the plaintiff's motion for summary judgment.

## Discussion

I.  Standard of Review

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56( c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56( c). The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).

In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir.

1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990); Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56( c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The non-moving party is not required to respond to the motion for summary judgment with evidence unless the movant has properly supported the motion with sufficient evidence. Adickes, 398 U.S. at 160. "'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is presented.'" Id. (quoting the Advisory Committee's note on the amendment to Rule 56)(footnote omitted).  The standard of review for a summary judgment requires the court to resolve all ambiguities and draw all justifiable inferences in favor of the non-movant.  Anderson, 477 U.S. at 255.

Where the moving party properly supports the motion for summary judgment, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed. R. Civ. P. 56, "designate 'specific facts showing that there is a genuine issue for trial.'" L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citing Celotex, 477 U.S. 317, 353).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(internal quotation and citation omitted).

II.     Plaintiff Is Entitled to Foreclose His Preferred Ship Mortgage

    A.     Plaintiff Has a Preferred Ship Mortgage

The plaintiff claims that he has a preferred ship mortgage.  The plaintiff seeks to foreclose his current[2] preferred ship mortgage due to MRDF's default.  The Eleventh

---

[2]The "renewal mortgage rule" is that "unless a contrary intention of the parties clearly appears, the execution and delivery of a new mortgage in renewal of a former one, even though accompanied by a formal satisfaction and discharge of the initial

8

Circuit explained that "[t]he Ship Mortgage Act provided a means through which vessel mortgages could be given a preferred status and could be enforced in admiralty. The underlying purpose of the Act was to encourage investment in shipping." Dietrich v. Key Bank, N.A., 72 F.3d 1509, 1513 (11th Cir. 1996); Merchant & Marine Bank v. The T.E. Welles, 289 F.2d 188, 193 (5th Cir. 1961)(explaining that a mortgage that complies with the statute "ma[kes] it superior to every kind and character thereafter incurred save liens for crews' wages, general average, salvage and tort claims")(citing 46 U.S.C. § 953(a)).

Section 31322 of Title 46 of the United States Code governs preferred mortgages. Pursuant to Section 31322(a), a preferred mortgage is a mortgage, whenever made, that:

> (1) includes the whole of the vessel;
> (2) is filed in substantial compliance with section 31321 of this title;
> (3)(A) covers a documented vessel; ....

46 U.S.C. § 31322(a). Section 31321 of Title 46 of the United States Code prescribes the requirements for filing, recording and discharging a preferred mortgage. Section 31321 provides in pertinent part:

---

mortgage, does not have the effect of extinguishing the priority which the initial mortgage carries. The subsequent mortgage given in renewal is prior to liens which arose or would otherwise have come into being during the period of the initial mortgage. .. A comprehensive annotation states that 'it is the general rule that where the holder of a senior mortgage discharges it of record and contemporaneously therewith takes a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to an intervening lien unless the circumstances of the transaction indicate this to have been his intention ....'" Merchant & Marine Bank v. The T.E. Welles, 289 F.2d 188, 194 (5th Cir. 1961) (quoting 33 A.L.R. 149; other citations omitted); Southern Reef Fisheries v. O/S Broadfire Leader, 786 F.2d 1523, 1524-25 (11th Cir. 1986).

9

> (a)(1) A bill of sale, conveyance, mortgage ... that includes any party of a documented vessel ... must be filed with the Secretary of Transportation to be valid, to the extent the vessel is involved, against any person, except –
> > (A) the grantor, mortgagor, or assignor;
> > (B) the heir or devisee of the grantor, mortgagor, or assignor; and
> > (C) a person having actual notice of the sale, conveyance,
> mortgage, assignment or related instrument.

46 U.S.C. § 31321(a)(1).  To be filed, a mortgage must

> (1) identify the vessel;
> (2) state the name and address of each party to the instrument;
> (3) state, if a mortgage, the amount of the direct or contingent obligations ... that is or may become secured by the mortgage, excluding interest, expenses and fees;
> (4) state the interest of the grantor, mortgagor, or assignor in the vessel;
> (5) state the interest sold, conveyed, mortgaged, or assigned; and
> (6) be signed and acknowledged.

46 U.S.C. § 31321(b).

The plaintiff has a preferred ship mortgage. See Merchants & Marine Bank, 289 F.2d at 193.  The current mortgage includes the whole of the M/Y "Cajun Princess." (DE# 184-10, 2/26/10).  The vessel has been documented with the NVDC/USCG from the time of its purchase in 2004 (and before) through the arrest of the vessel.  (DE# 184-7, 184-9, 2/26/10).  The current mortgage is in substantial compliance with the filing requirements of 46 U.S.C. § 31321(b), which governs recording of mortgages. The current mortgage contains: 1) the vessel's name, port of record, Official Number, construction material, manufacturer, year built, model year, length, depth, Hull I.D. Number, gross tonnage, and net tonnage; 2) the names of MRDF and Mr. Bogle as the mortgagor and mortgagee, respectively; 3) the amount of the direct or contingent obligations secured by the current mortgage is $7,000,000.00; 4) that MRDF owns the

whole (100%) of the M/Y Cajun Princess; 5) that the current mortgage was for 100% interest in the M/Y Cajun Princess in favor of MRDF; and 6) the current mortgage was signed and acknowledged by both Mr. Bogle and MRDF. Thus, the current mortgage dated October 10, 2006 granted by MRDF to Mr. Bogle is a preferred ship mortgage.

B.    Plaintiff"s Preferred Ship Mortgage Constitutes a Valid Maritime Lien

Pursuant to Section 31325 of Title 46 of the United States Code, the plaintiff is entitled to enforce his valid maritime lien resulting from the preferred ship mortgage. Section 31325 provides in pertinent part:

> (a) A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.
> (b) On default of any term of the preferred mortgage, the mortgagee may
>     (1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel ....

46 U.S.C. §31325(a) & (b)(1).

In his motion, the plaintiff asserts that the current outstanding mortgage indebtedness secured by the vessel for principal and interest through August 20, 2008, is $7,110,525.80, excluding accruing interest, attorneys' fees, court costs or custodial costs. (DE# 1, 8/21/08). MRDF concedes that it is in default for non-payment. Koblick Afd. dated 10/31/08. (DE# 184-1, 2/26/10) The plaintiff has a valid preferred mortgage lien against the vessel, M/Y Cajun Princess, for principal and interest through August 20, 2008, in the amount of $7,100,525.80, plus accruing interest.

C.    Attorneys' Fees, Court Costs, and Custodial Fees

The mortgage and note provide for attorneys' fees, court costs and custodial fees. The Promissory Note provides that each person or entity liable on the note

11

"agrees to pay all costs of collection, including reasonable attorney's fees ...." (DE# 184-5, 2/26/10).  Likewise, the mortgage provides

> On the occurrence of an Event of Default, and only if Owner refuses to tender title to the Vessel to Mortgagee, Owner agrees to pay, as they are incurred, all attorneys' fees, marshal's or custodial fees, expenses of auction or sale, costs of appeal, costs and other expenses and the fees and expenses of other professionals incurred in connection with the following: (I) the enforcement of the Note, this Mortgage and all other security and loan ... (iv) defendant the existence and priority of the Mortgagee's interest in the Vessel against third parties ....

(DE# 184-5, 2/26/10).  Attorneys' fees that are provided by contract enjoy the same priority and rank of payment as the principal indebtedness secured by the mortgage. United States v. Security Marine Credit Corp., 1991 A.M.C. 2587, 2589 (S.D. Fla. 1991); Nova University of Advanced Technology, Inc. v. Motor Vessel Gypsy, 331 F. Supp. 721 (S.D. Fla. 1971) (holding that claim for attorney fees provided for in preferred ship mortgage had same priority as mortgage itself).  Similarly, the mortgagee is entitled to recover the costs of foreclosure of a vessel, including *custodia legis* costs. Bank of New Orleans and Trust Co. v. Big B Towboat Services, Inc., 435 F. Supp. 997, 1001 (D.C. Mo. 1977).

The plaintiff seeks reimbursement of $109,372.50 in attorneys' fees, $5,059.04 in court costs, and $137,134.51 in *custodia legis* costs.  Philip Afd. (DE# 184-11, 2/26/10)   The claim for fees and costs is conclusory and fails to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or 28 U.S.C. § 1920.  See, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (The party requesting the fee should submit documentation in support of the hours worked and rates claimed.); see also, Ruszala v. Walt Disney World Co., 132 F. Supp. 2d 1347, 1354 (M.D. Fla.

12

2000)("The fee applicant bears the burden of documenting the appropriate number of hours.") (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). No evidence of the hourly rates, hours incurred, invoices, receipts, or other evidence to support the plaintiff's claim for the attorneys' fees and court costs incurred were submitted. The plaintiff's request for attorneys' fees, court costs and *custodia legis* costs is DENIED without prejudice to renew with proper documentation.

Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff David L. Bogle's Motion for Summary Judgment (DE# 184, 2/26/10) is GRANTED in part and DENIED in part. The plaintiff is entitled to entry of a summary judgment in its favor and against the vessel, M/Y Cajun Princess, in the amount of $7,100,525.80, plus accruing interest starting from August 21, 2008. It is further

ORDERED AND ADJUDGED that on or before May 17, 2010, the plaintiff shall submit a proposed judgment with interest calculated on the current mortgage through May 18, 2010. It is further

ORDERED AND ADJUDGED that the plaintiff's request for attorney's fees, court costs and *custodia legis* costs is DENIED without prejudice to renew. Within thirty (30) days of the date of this Order, the plaintiff shall renew its claim for attorneys' fees, court costs and *custodia legis* costs with supporting documentation and a statement regarding the other remaining parties' respective positions. It is further

ORDERED AND ADJUDGED that the plaintiff may recover judgment from the interlocutory sale of the defendant, M/Y Cajun Princess, her engines, tackle, apparel

and appurtenances, *in rem.* The plaintiff shall file a motion for interlocutory sale of the M/Y Cajun Princess within ten (10) days of the date of this Order.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **14th** day of May, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record